# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8145 | **DATE** | 2/16/2012 |
| **CASE TITLE** | Ocwen Loan Servicing, LLC vs. Vashan Kyles | | |

**DOCKET ENTRY TEXT**

For the reasons below, the Plaintiff's motion to remand is **GRANTED**.

■[ For further details see text below.]   Notices mailed by Judicial staff.
Mailed AO 450 form.

## STATEMENT

The instant suit involves Plaintiff Ocwen Loan Servicing, LLC's ("Ocwen") motion to remand this mortgage foreclosure action to the Cook County of Illinois Circuit Court. For the following reasons, Plaintiff's motion to remand is **GRANTED**.

### I. BACKGROUND

Plaintiff, Ocwen Loan Servicing, LLC, commenced this mortgage foreclosure action in the Circuit Court of Cook County, Illinois, on October 7, 2011. *Ocwen Loan Servicing LLC, et al., v. VaShan Kyles, et al.*, 11 CH 35040.

Defendant VaShan Kyles ("Kyles") removed the mortgage foreclosure action to the United States District Court, Northern District of Illinois pursuant to 28 U.S.C. § 1332, 1441 and 1446, arguing that there is complete diversity. Defendant also argues removal is proper because her notice of removal alleges a counterclaim arising under federal law, specifically 42 USC § 1983. Defendant alleges, and Plaintiff does not dispute, that for purposes of diversity, Plaintiff is a citizen of Florida and Alabama while Defendant Kyles is a citizen of Illinois.

Plaintiff contends removal is improper because it named "unknown owners" and non-record claimaints as defendants, which it says destroys diversity jurisdiction because such parties might have the same citizenship as Plaintiff. Defendant Kyles says such parties are nominal defendants and may be ignored for diversity purposes.

## II. LEGAL STANDARD

Federal district courts have subject matter jurisdiction over cases arising under the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331. They also have subject matter jurisdiction in state law cases where the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Where there is complete diversity of citizenship, a defendant may remove an action to federal court, and "the citizenship of defendants sued under fictitious names shall be disregarded" for diversity purposes. 28 U.S.C. § 1441. *See also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). There must be complete diversity of parties at the time of removal. *Id.* at 61. If the federal court lacks subject matter jurisdiction at any time before the final judgment, the district court must grant a motion to remand. 28 U.S.C. § 1447(c).

28 U.S.C. § 1441(b) provides: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable *only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*" (emphasis added).

This section was recently amended but retains the same thrust: defendants sued in their own state may not remove solely on diversity grounds.

Also clear is the mandate of *Salton, Inc. v. Philips Domestic Appliances and Personal Care B.V.*: "[C]laims in a counterclaim cannot confer federal jurisdiction over a case." 391 F.3d 871, 875 (7th Cir. 2004).

## III. ANALYSIS

Because 28 U.S.C. § 1441(b) is clear that defendants sued in their own state may not remove a case solely on diversity grounds, we need not wade into the "unknown owner" thicket. Even if there is complete diversity here as Defendant alleges, removal is improper because of the statute.

Nor does Defendant's addition of an "arising under" § 1983 claim change the outcome. The law is clear that answers, defenses and counterclaims cannot, in and of themselves, confer federal jurisdiction.

## IV. CONCLUSION

For the reasons stated above, the Court finds it has no subject matter jurisdiction in this case and the Plaintiff's Motion to remand is **GRANTED** under 28 U.S.C. § 1447.